IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE HILL, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:20-CV-1792-M-BH |
| | ) | |
| STATE OF TEXAS, | ) | |
|     Defendant. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, this case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

### I.  BACKGROUND

On July 7, 2020, a "Motion for Leave to File and Emergency Writ of Habeas Corpus" was filed on behalf of the petitioner.  (*See* doc. 3.)  By *Notice of Deficiency and Order* dated July 23, 2020, the petitioner was notified that the filer of the petition under 28 U.S.C. § 2241 (which was not signed by the petitioner) could not proceed on his behalf without obtaining next friend status under 28 U.S.C. § 2242.  (*See* doc. 5.)  The order stated that the filer must file a motion to proceed as next friend, or that the petitioner could prosecute the action in his own name by filing a habeas petition under his own signature, within fourteen days.  (*See id.*)  It also stated that the habeas petition had not been filed on the appropriate form, and that any civil claims must be raised in a separate civil action.  (*See id.*)  The order specifically advised that a failure to comply with the order could result in the dismissal of the case.  *Id.*  The order included forms for a habeas petition under 28 U.S.C. § 2241 and for a civil rights action under 42 U.S.C. § 1983, and it was mailed to the address provided by the filer as well as to the petitioner's address at the Dallas County jail.  (*See id.*)  More than

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

fourteen days from the date of the order have passed, but the petitioner has still not filed his habeas petition on the appropriate form, and no one has filed anything else in this case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  The petitioner failed to comply with the order that he file his § 2241 petition on the appropriate form despite a warning that failure to do so could result in dismissal of the case, and no one has filed anything else in this case.  It should therefore be dismissed under Rule 41(b) for failure to prosecute or follow court orders.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to follow orders of the court, unless the petitioner files his § 2241 habeas petition on the appropriate form, and either pays the filing fee or submits a completed application to proceed *in forma pauperis* within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 14th day of September, 2020.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE